**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMMACULATE ANYI AMIN, | No. 05-74674 |
| Petitioner, | Agency No. A096-057-864 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2010[**]
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

Petitioner Emmaculate Anyi Amin ("Amin") petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ") denial of her application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b), and we deny Amin's petition.

Here, the IJ gave specific, cogent reasons for disbelieving Amin's testimony. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000). At least two of the inconsistencies cited by the IJ go to the heart of Amin's claim, *see Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004),[1] and the IJ relied on these inconsistencies after confronting Amin about them and weighing Amin's explanations, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009). First, Amin testified at the hearing that her family had not had any problems with the Cameroonian government after Amin came to the United States. This testimony of Amin, however, was inconsistent with a letter from the Provincial Chairman of the Southern Cameroon National Council ("SCNC Letter") that Amin included with her asylum application stating that after Amin left the country, security forces had come to her residence every week and that the government had arrested and

---

[1]     Amin's application for relief was filed prior to the effective date of the REAL ID Act, and therefore the Act's elimination of the requirement that inconsistencies must go to the heart of the petitioner's claim to be the basis of an adverse credibility determination does not apply. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40, 1043 n.3 (9th Cir. 2010). Because we conclude that at least two grounds go to the heart of Amin's claim and are supported by substantial evidence, we need not reach or address the other grounds that the IJ relied on to determine that Amin was not credible. *See Li*, 378 F.3d at 964.

2

detained Amin's relatives. Second, Amin testified that when she was seventeen, the principal of her school called the police after Amin organized a student strike because the principal knew that Amin must have been involved, and that the phone call resulted in Amin's arrest and abuse. This was inconsistent with Amin's testimony detailing that, both before and after the strike and arrest, Amin was held in high esteem by those running the school, and stressing the special privileges and distinctions that she had been awarded on that basis.[2]

We conclude that the IJ's adverse credibility determination is supported by substantial evidence. Absent Amin's discredited testimony, Amin cannot meet her burden of establishing past persecution on a protected ground, or a well-founded fear of future persecution on a protected ground, and therefore she is not eligible for asylum. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005).[3]

---

[2] Specifically, Amin testified that she was previously selected by the school as the "senior prefect" in charge of monitoring 400 students and enforcing school rules, and that after the strike and arrest, she was still maintained by the school as the senior prefect and was recommended by the school to participate in an international academic program in the United States.

[3] The medical certificate from Dr. Patrick, assuming without deciding its authenticity and veracity, did not state who inflicted Amin's injuries or that the injuries were inflicted on account of Amin's political views. And the SCNC Letter was contradicted by Amin's testimony. The country information that Amin provided is insufficient to establish that Amin was persecuted or has a well-founded fear of future persecution.

3

Because Amin did not satisfy the lower standard of proof for asylum, she necessarily did not satisfy the more stringent standard of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Amin's CAT claim was properly rejected because the country reports and other record evidence do not "compel[] the conclusion that [Amin] is more likely than not to be tortured" if removed. *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). The IJ's determination that Amin was not entitled to any relief is therefore supported by substantial evidence.

**PETITION DENIED**.